UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONALD BULPITT,

        Petitioner,

   v.

KATHY MENDOZA-POWERS, et al,

        Respondents.

No. 2:06-cv-00566-MCE-GGH-P

ORDER

    Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On December 26, 2006, the magistrate judge filed Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days. Both parties have filed objections to the Findings and Recommendations.

1

1 In accordance with the provisions of 28 U.S.C. §
2 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a <u>de</u>
3 <u>novo</u> review of this case.  Having carefully reviewed the entire
4 file, the Court rejects the magistrate judge's recommendation
5 that Petitioner's application for a writ of habeas corpus be
6 granted.

7 In the underlying case, Petitioner applied for a writ of
8 habeas corpus as a result of his sixth denial of parole by the
9 Board of Prison Terms ("BPT") in 2004.  BPT found Petitioner
10 unsuitable for parole for two reasons: 1) the commitment offense
11 was exceptionally violent and brutal in that it was carried out
12 in a calculated, execution-style manner; and 2) the petitioner
13 had a prior unstable social history. Respondent's Answer, Exhibit
14 4.

15 In order to grant Petitioner's application for a writ of
16 habeas corpus, this Court must do more than simply disagree with
17 the outcome reached by BPT. There must be a complete lack of
18 evidence supporting BPT's decision, <u>In re Dannenberg</u>, 104 P.3d
19 783, 786 (Cal. 2005); see also <u>In re Rosenkrantz</u>, 29 Cal. 4th
20 616,699-670 (2002), and the application of the standard employed
21 must be more than incorrect, it must be unreasonable, <u>Williams</u>
22 <u>(Terry) v. Taylor</u>, 529 U.S. 362, 410-411 (2000).

23 The Court reviews BPT's decision denying Petitioner parole
24 in the context of the "some evidence" standard.  "To determine
25 whether the "some evidence" standard is met... the relevant
26 question is whether there is any evidence in the record that
27 could support the conclusion reached by the disciplinary board."
28 ///

2

Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (2006)(internal cite omitted).  Specifically, so long as BPT considers all the relevant factors to granting parole, it is free to decide what weight to accord to those factors.  In re Rosenkrantz 29 Cal. 4th at 677.  The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached."  Hill v. Superintendents, 472 U.S. 445, 455-56 (1985).  When the evidence relied on is solely immutable, BPT must "point to factors beyond the minimum elements of the crime for which the inmate was committed."  In re Dannenberg 104 P.3d at 786.

    The Court finds BPT's decision denying Petitioner parole is supported by some evidence in the record.  BPT considered the pro-suitability factors of Petitioner: Petitioner attended Alcoholics Anonymous and Narcotics Anonymous while in prison, that Petitioner had realistic job opportunities upon release, that Petitioner had an almost perfect prison behavior record, and that Petitioner had no prior convictions. Respondent's Answer, Exhibit 4; generally F&R; 15 CCR § 2402(d).

    BPT also considered the unsuitability factors of Petitioner: Petitioner's crime was committed in an "especially heinous or cruel manner" and that Petitioner had an unstable social history. 15 CCR § 2402(c)(1),(3).  BPT found that Petitioner's crime included elements of first degree murder in that it was committed "execution style" which surpassed the required elements of Petitioner's second degree murder conviction and showed a heightened degree of brutality and viciousness.

///

3

BPT's ultimate decision to deny parole was based on immutable evidence of unsuitability, and it looked to more than the minimum elements of the committed offense, thereby satisfying the "some evidence" standard.

When BPT's decision is supported by "some evidence", the Court must support BPT's decision unless it is unreasonable. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Hill 472 U.S. at 456. Furthermore, as the magistrate judge stated initially, "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." F&R:2.

Specifically, using immutable evidence to support a denial of parole is not an unreasonable application of the "some evidence" standard which may violate petitioner's due process. As the Ninth Circuit Court of Appeals stated in Sass and recently reiterated in Irons, denial based on immutable factors that occurred decades ago when all other factors point to suitability is sufficient to continue to constitute "some evidence" on which the Petitioner can be reasonably denied. Sass, 461 F.3d at 1129; Irons v. Carey, 479 F.3d 658, 661(Cal. 2007).

In the underlying case, BPT's reliance on immutable evidence to support a denial of parole is not unreasonable so as to violate due process.  Petitioner organized the murder of his friend who threatened to expose Petitioner's drug dealing.

4

1  Petitioner found people willing to kill the victim; Petitioner
2  supplied them with weapons, and Petitioner organized a meeting
3  with the victim which Petitioner did not attend but instead
4  informed those willing to kill the victim of the time and
5  location the victim could be found.  The Court finds the facts
6  just recited to be sufficient evidence upon which BPT was
7  justified in denying petitioner parole.

8      Accordingly, IT IS HEREBY ORDERED that:

9      1) The Findings and Recommendations of the magistrate judge
10 are adopted in part and rejected in part as follows:

11          a) the finding that BPT's application of the "some
12      evidence" standard based on immutable factors is
13      unreasonable and violates Petitioner's due process is
14      rejected; and

15          b) any findings insofar as they support this Order are
16      adopted; and

17          c) the recommendation is rejected;

18      2) The Petitioner's petition for a writ of habeas corpus is
19 DENIED.

20      IT IS SO ORDERED.

22  Dated: June 1, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5